NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| ALFONSO CERVANTES REYES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 0:11-CV-00090-HRW |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| J.C. HOLLAND, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

** ** ** ** **

Alfonso Cervantes Reyes, currently confined in the Federal Correctional
Institution located in Ashland, Kentucky ("FCI-Ashland") has filed a *pro se*
complaint asserting claims under 28 U.S.C. § 1331, and the doctrine announced in
*Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[1] Reyes seeks
injunctive relief, *i.e.*, a transfer to a BOP facility closer to his family in California.

As Reyes has been granted *in forma pauperis* status, [D. E. No. 4], and as he
asserts claims against government officials, the Court now screens his Complaint
pursuant to 28 U.S.C. §§ 1915, 1915A, which require the dismissal of any claims that
are frivolous or malicious, fail to state a claim upon which relief may be granted, or

---

[1]

The named defendants are (1) J.C. Holland, the former Warden of FCI-Ashland, and (2)
the Federal Bureau of Prisons ("BOP").

seek monetary relief from defendants who are immune from such relief. Id.; see also *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). Because Reyes fails to allege a valid constitutional claim, his Complaint will be dismissed with prejudice.

## CLAIMS ASSERTED

Reyes is a Mexican national currently serving a 192-month prison term in FCI-Ashland, which is more than 500 miles from his family in California. Reyes contends that pursuant to BOP Program Statement ("PS") 5100.08, *Inmate Designation and Custody Classification*,[2] he is entitled to a "Nearer Release Transfer" ("NRT") to a BOP facility nearer to is family in California. He alleges that the BOP's refusal to transfer him to a California facility violates both BOP Program Statement 5100.08 and his right to both equal protection and due process of law guaranteed by the Fifth Amendment of the United States Constitution.

Reyes fully exhausted his claim pursuant to 28 C.F.R. § 542.10-.19. On May

---

[2]

BOP Program Statement ("PS") 5100.08 sets forth policies and procedures regarding BOP inmate classification, designation and re-designation, including inmate transfer procedures. One of the stated objectives of PS 5100.08 is that "[e]ach inmate will be placed in a facility commensurate with their security and program needs through an objective and consistent system of classification which also allows staff to exercise their professional judgment [.]" *See* PS 5100.08, Paragraph 2a, page 1. Among other things, PS 5100.08 describes different types of transfers, including "lesser security transfers" to a lower security level institution which "should be considered" when a decrease in the inmate's security level is indicated, and "nearer release transfers," which move an inmate closer to his legal residence or release destination, consistent with his security level. *See* PS 5100.08, Chapter 7, pages 3–4. Inmates may be considered for a nearer release transfer "only after serving 18 consecutive months of clear conduct in a general population." *Id.*, at Chapter 7, page 4.

2

19, 2010, then FCI-Ashland Warden J.C. Holland denied Reyes' BP-9 "Request for Administrative Remedy." [D. E. No. 1-2, p.5]. Holland explained that because Reyes, a Mexican citizen, has a Public Safety Factor ("PSF") designation as a "Deportable Alien," he will not be released in the United States at the end of his sentence, and therefore, he is ineligible for an NRT under PS 5100.08. [*Id.*]. The BOP's Mid-Atlantic Regional Office and Central Office subsequently affirmed Warden Holland's decision on the same grounds. *See* D. E. Nos. 1-2, pp. 7 & 9.

## DISCUSSION

Reyes was convicted in federal court in San Jose, California, of committing Conspiracy to Distribute 50 grams or more of Methamphetamine in violation of U.S.C. §§ 846 and 841(b)(1)(A)(viii). *See United States v. Alfonso Cervantes Reyes*, No. 5:05-CR-00516-JF (N. D. Cal.). On November 12, 2008, Reyes was sentenced to a 192-month prison term, plus a ten-year term of supervised release. After an appeal and remand, Reyes was sentenced to the same 192-month prison term on July 29, 2010, but his term of supervised release was reduced to five years.

According to former Warden Holland, the BOP has assigned Reyes an PSF "H" status because he is a "sentenced deportable alien," which is defined as an inmate who is either (1) "assigned a Public Safety Factor 'H' status of 'Alien'" or (2) "under a final order of deportation, exclusion, or removal." *See* BOP Program Statement

3

5350.28 § 9(c); *see also Perez v. Lappin*, 672 F. Supp.2d 35, 40 (D. D.C. 2009).

Reyes alleges that the BOP's refusal to consider him for an NRT because of his alien status violates his right to protection of equal process of law under the Fifth Amendment of the United States Constitution. That claim lacks merit because pursuant to 18 U.S.C. § 3621, the BOP is given the authority to determine both the custody classification and security levels of federal inmates. The BOP accomplishes both of these objectives by complying with P.S. 5100.08, under which it is permitted to assign a PSF to federal inmates:

> "who [are ] not appropriate for placement at an institution which would permit inmate access to the community...." P.S. 5100.08, ch. 2, p. 4. It [the PSF] reflects "relevant factual information regarding the inmate's current offense, sentence, criminal history or institutional behaviors that require[ ] additional security measures ... to ensure the safety and protection of the public," *id.*, ch. 5, p. 7, and is among the factors "used to determine the inmate's security level," *id.*, ch. 4, p. 5. The PSF "overrides security point scores to ensure [that] the appropriate security level is assigned to an inmate, based on his ... demonstrated current or prior behavior." *Id.*, ch. 2, p. 4.

*Perez v. Lappin*, 672 F. Supp.2d 35, 40 (D. D.C. 2009).

The incidental effect of the "Alien" PSF does not create an equal protection violation, even if the PSF classification adversely impacts a federal inmate's eligibility to participate in certain BOP programs, privileges, and incentives. *Perez v. Lappin*, 672 F. Supp.2d at 41; *Mejia-Gomez v. DHS/ICE*, No. Civ. 05-5000(JBS),

4

2006 WL 1098226, at *3 (D.N.J. March 31, 2006). Further, courts have rejected similar equal protection challenges concerning the adverse effect of an "alien" PSF on federal prisoners' eligibility for the one-year sentence reduction which may be awarded upon successful completion of a drug-abuse treatment program pursuant to 18 U.S.C. § 3621(e)(2)(B), *see Bazuaye v. Tombone*, 275 F.3d 44 (5th Cir. 2001), and placement in Community Corrections Center (halfway house), *see Muniz v. Sabol*, 517 F.3d 29, 40 (5th Cir. 2008); *Gonzalez-Radiya v. United States*, Nos. 06-CV-187-TUC-FRZ, 04-CR-254-TUC-FR, 2006 WL 1050284, at *1 (D. Ariz. April 20, 2006). Thus, Reyes' equal protection challenge to his PSF, which precludes him from consideration for an NRT, fails to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2).

Reyes' other Fifth Amendment claim, that the BOP's refusal to consider him for an NRT violates his right to due process of law, also fails on the merits because a prisoner has no due process right under the Fifth Amendment either to select a particular correctional facility for his placement or to be transferred to a different facility upon his request. *Olim v. Wakinekona*, 461 U.S. 238(1983); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Meachum v. Fano*, 427 U.S. 215 (1976).

Nor does a prisoner have a constitutionally protected due process interest in being confined in an institution close to his family. *See Becerra v. Miner*, 248 F.

App'x. 368, 370 (3rd Cir. 2007); *Armendariz-Mata v. Lappin*, 157 F. App'x. 767, 768

(5th Cir. 2005); *Davis v. Carlson*, 837 F.2d 1318, 1319 (5th Cir. 1988); *Brown-Bey*

*v. United States*, 720 F.2d 467, 470 (7th Cir. 1983)(holding that if the petitioner

"wants to be transferred closer to his family and friends, he fails to state a cognizable

federal claim."). As noted, through 18 U.S.C. § 3621(b), Congress has vested the

BOP with broad discretion to choose the location of an inmate's imprisonment and

to determine his custody/security classification once placed there.

The fact that the BOP assigned Reyes a PSF based on his status as a deportable

alien does not create a due process violation. *Perez v. Lappin*, 672 F. Supp.2d at 41;

*Becerra v. Miner*, 248 F .App'x. 368, 369 (3rd Cir. 2007). "Being classified with a

PSF of 'deportable alien' and its resulting consequences of disqualification for certain

programs, as with any other security classification, is not outside what a prisoner

'may reasonably expect to encounter as a result of his or her conviction in accordance

with due process of law.'" *Id.* at 370 (quoting *Fraise v. Terhune*, 283 F.3d 506, 522

(3d Cir. 2002) (other citations omitted)).

Unless an inmate is subjected to extraordinary treatment, the effects of prison

officials' day-to-day decisions on inmates are merely consequences of confinement

for having committed a crime. *See Franklin v. District of Columbia*, 163 F.3d 625,

635 (D.C.Cir.1998). In this case, Reyes does not show that the PSF assigned to him

has resulted in an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995). Reyes naturally wishes to be confined in a BOP facility nearer to his family in California, but the BOP's denial of his request does not create an atypical and significant hardship in relation to the ordinary incidents of prison life. Reyes' Fifth Amendment due process claim therefore fails to state a claim for relief.

Finally, the BOP did not violate the provisions of PS 5100.08 in Reyes' case. Accepting as true Reyes' allegation that the Bureau of Immigration and Customs Enforcement has not ordered his deportation or removal to Mexico, his Mexican citizenship nevertheless renders him an "alien" as defined in PS 5350.28 § 9 (c), and a federal court in this country has sentenced him to a 192-month prison term. Thus, Reyes unquestionably qualifies as a "sentenced deportable alien," and under PS 5100.08, he is ineligible to be considered for an NRT to a California federal prison.

Finally, even if the BOP violated its own program statement or internal policy by denying Reyes an NRT, failure to follow a BOP policy is not a constitutional violation. *Bonner v. Federal Bureau of Prisons*, 196 F. App'x. 447, 448 (8th Cir. 2006); *Ortega v. Maynard*, 06-CV-084-HRW, 2006 WL 1877016, at *2 ) (E.D. Ky. July 06, 2006); *Antonelli v. Sanders*, No. 2:06CV00052SWW, 2006 WL 667964, at *3 (E.D. Ark. March 15, 2006).

Because the BOP did not violate Reyes' Fifth Amendment rights by denying his request to be transferred to a BOP facility nearer to his family in California, his *Bivens* Complaint will be dismissed for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2).

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     Plaintiff Alfonso Cervantes Reyes' 28 U.S.C. § 1331 Complaint [D. E. No. 2], is **DISMISSED WITH PREJUDICE**; and

(2)     This action will be **DISMISSED**, *sua sponte,* from the Court's active docket , and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of Defendants former Warden J.C. Holland and the BOP.

This 27th day of February, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

8